CALEDONIA,
July,
1839.

WILLIAM GRAY *v.* JOSEPH J. OTIS.

The acts of the wife are binding upon the husband, so far as she acts as his agent, and any evidence, tending to prove such agency, is admissible.

If money received by an agent is paid over to his principal, before notice to the agent to retain it, or action brought, the agent is not liable.

If a father puts his minor son to live with a third person till he arrives at a given age, under a contract that if he takes him away before the son arrives at such age, he shall pay such person such sum as indifferent persons should judge right; and the mother, before such age, takes away the son, paying such sum as was thought right, the father cannot repudiate the act of the wife, and recover back the money paid by her without returning the boy to such person and restoring him to his rights.

THIS was an action of assumpsit, for money had and received. Plea, the general issue, and trial by jury.

Upon the trial in the county court, the plaintiff gave evidence tending to prove, that his wife went to the defendant's, in Sheffield, some time in the month of September, 1838, the plaintiff then residing in the Province of Upper Canada, and told the defendant she came from the plaintiff for the purpose of getting a son of the plaintiff's then living at defendant's. This son had been placed with the defendant's father, Paul Otis, some years before, on the terms that he should remain there until he arrived at the age of fourteen years,—and if the plaintiff took him away before that time, it was to be left to the neighbors to say how much the plaintiff should pay said Paul Otis. Paul Otis, a few days before this, went away on a journey, and left the boy with the defendant, with instructions, that if the mother, who was understood to be in the vicinity, called for him, not to let him go, unless she settled the matter according to the contract.

The defendant refused to give up the boy, unless she would refer it to men to say how much she should pay said Paul, and threatened to sue the plaintiff, or his wife, if she took the boy until she had settled the claim.

The defendant was very captious as to the men to whom he would submit the matter, but the plaintiff's wife and the defendant finally agreed upon two men, living in the neighbood, to whom the matter was referred, and they awarded that the plaintiff pay the defendant, on account of said

Paul Otis' claim, $27,50, which the wife of plaintiff then paid over to the defendant.

The plaintiff's wife afterwards consulted with her friends, who advised her to see the defendant again. She did so, and requested to have the matter referred again, after said Paul Otis should return home. The defendant offered to do so if she would procure some one to give bonds for the performance of the award. After some time she procured some persons to offer to do so. The defendant then required that she should pay the costs of the former arbitration, which she concluded to do. And lastly, the defendant required that she should pay the costs of procuring the bond written which she acceeded to.

The defendant then declined entering into any contract to refer the matter again. The plaintiff's wife left the defendant and returned home with the boy.

The defendant offered to prove that he was fully authorized to act in the matter of the aforesaid arbitration on the part of the said Paul Otis;—that after said Paul Otis returned, the defendant gave him the money received of the plaintiff's wife, and he went to her, she not then having gone home with the boy, and offered her the money, if she would let him take the boy back again, which she declined doing.

That immediately afterwards, this suit was commenced by her direction, and that she returned with the boy to the plaintiff, where the boy had ever since remained. To the introduction of this evidence, the plaintiff objected, and the court rejected the testimony.

The boy had not arrived at the age of fourteen years when he was taken away. The court also decided that if the testimony, on the part of the plaintiff, was believed, he would be entitled to a verdict.

The jury returned a verdict for the plaintiff, and the defendant excepted.

*T. Bartlett, Jr.* for the defendant, contended, that, though the acts and declarations of the wife would not, in general, bind the husband, yet, where, from the nature of the case, the authority of the wife to act as agent for her husband can be presumed, her acts and declarations are like those of any other agent, and that the jury should have been left to presume that the plaintiff's wife had authority to take the boy

and discharge the contract for his keeping and education. 10 Johns. R. 38.   2 Stark. R. 45.   1 Esp. R. 141.

That the evidence offered by the defendant should have been admitted, for it tended to show that the defendant acted as agent for Paul Otis, and paid over the money received of the plaintiff's wife to his principal before the commencement of the present suit, and that, where money has been so received and paid over by an agent, such agent cannot be made liable in an action to recover it back.   Buller's N. P. 153.   1 Taunt. 359.   Selwyn's N. P. 88, note.   Cowper, 565, 204.   2 Lord Raym. R. 1210.

*J. Mattocks*, for plaintiff.

1. The money, received of the plaintiff's wife by the defendant, was to the plaintiff's use, and he is entitled to recover it in this form of action, unless the money was lawfully obtained by the defendant.

2. This money was unlawfully obtained of the *wife*. She had no authority by virtue of her *office*, to redeem the boy from bondage or to liquidate a disputable claim, and much less to submit the case to an arbitration, and no delegated authority from the husband was shown.   Her saying that her husband sent her to get the boy, was no evidence of that fact, and if it was, that fact only purported that she was sent merely to carry the boy home, not to pay, or submit any question.

3. The award was rescinded by the defendant's agreement, and his shuffling and refusing to leave out a second time left the case as if there had been no award.

4. Neither the defendant nor his principal had any lien on the boy for his keeping, and therefore, the defendant's offer to pay back the money, on the return of the boy, was nothing. Besides, the boy was in the state where the suit was brought, and the defendant, if he had a right so to do, might have retaken him.

The opinion of the court was delivered by

BENNETT, J.—The acts of the wife are binding upon the husband, so far as she acts as his agent. Any evidence, which had a tendency to prove that the part which Mrs. Gray took in this transaction, in regard to the boy, was by the consent and privity of the plaintiff, was most certainly admissible.

The fact that the wife of the plaintiff returned home with the boy, where he had ever after been permitted to remain, was evidence to go to the jury as tending to prove that he was taken away by the consent of the plaintiff, and that the wife was authorized, on his part, to negotiate the terms upon which it should be done. This evidence was improperly excluded by the court below. The evidence, offered by the defendant, to show that he was the authorised agent of Paul Otis, in adjusting the business with Mrs Gray, and that, upon his return home, the defendant paid him the money, received of the wife of the plaintiff, should have been admitted. If the plaintiff had the right of recovering back the money, the action could be sustained against the agent only so long as the money remained in his hands. If paid over to the principal before notice to the agent to retain it, or suit brought, he would cease to be liable. The action must, in such case, be against the principal. 1 Chitty's Pl. 25. 7 Johns. R. 182. 1 Strange's R. 480.

But by the contract, the father had no right to take away the boy without paying such sum as the neighbors should say would be just and equitable. If the father keeps the boy, he thereby approves the doings of the wife. If he repudiates her acts, he must return the boy and restore to the father of the defendant his rights, even before he could claim to recover back the money from him.

The judgment of the county court must, for these reasons, be reversed and a new trial granted.